

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

September 28, 1964

Mr. C. F. McElhinney
Senior Vice President
University of Houston
Houston, Texas

Opinion No. C-317

Re: Whether a discharged
veteran of World War
II, under the stated
facts, is eligible to
receive benefits of
the Hazelwood Act.

Dear Mr. McElhinney:

      We are in receipt of your letter in which you request an opinion of this office as to "whether a discharged veteran of World War II, under the stated facts, is eligible to receive benefits of the Hazelwood Act."

      In order to answer your question, let us first examine the facts as stated in your letter. You state that the veteran seeking the benefits under the Hazelwood Act is a veteran of World War II, and that he was honorably discharged from the service. You further state that the veteran was discharged from the service at his own request approximately one (1) month prior to the termination of his eighteen (18) month enlistment, such early termination from service being for the purpose of preparation for entrance into a college or university.

      Article 2654b-1, Vernon's Civil Statutes, is known as the Hazelwood Act. Section 1 of this Article provides that certain qualified veterans shall be exempted from certain fees and charges, including tuition charges, at any of the several institutions of collegiate rank which are supported in whole or in part by public funds appropriated from the State Treasury.

      Section 3 of the above Article provides that the benefits of Section 1 shall accrue to qualified veterans of World War II. Section 3 reads in part as follows:

      "All of the above and foregoing provisions, conditions and benefits hereinabove in this Article provided for in Section 1 and Section 2 shall apply and accrue to the benefit of all nurses, members of the Women's Army Auxiliary Corps, Women's Auxiliary Volunteer Emergency Service, and all members of the United States

Armed Forces, regardless of whether members
of the United States Army or of the United
States Navy or the United States Coast
Guard, who have, or are now serving, or who
may after the passage of this Act, serve in
the armed forces of the United States of
America during the present World War Number II,
being the war now being prosecuted, and which
was entered into on or shortly after December 7,
1941, by the United States of America against
what are commonly known as the Axis Powers;. . ."

Section 3 of Article 2654b-1 of Vernon's Civil
Statutes also places certain limitations on those veterans
who are eligible to receive benefits. One limitation on the
eligibility to receive benefits is that the veteran must have
been honorably discharged from the services in which he was
engaged. Other limitations as to eligibility under Section 3
are, and we quote:

". . .The provisions of this Act shall
not apply to or include any member of such
United States Armed Forces, or other persons
hereinabove named, who were discharged from
the service in which they were engaged
because of being over the age of thirty-
eight (38) years <u>or because of a personal
request on the part of such person to be
discharged from such service.</u>" (Emphasis ours)

The precise question for our consideration is
whether the veteran under the facts stated above falls within
the limitations as to eligibility for benefits under the
Hazelwood Act. We find that the provisions of limitation as
to eligibility under Section 3 are clear and unequivocal.

Therefore, it is the opinion of this office that
this veteran, under the facts stated, should be denied
benefits under the Hazelwood Act because he was discharged
from the service at his own personal request.

## SUMMARY

A veteran of World War II, under the facts
stated, who was honorably discharged from the
service at his own personal request, is not
eligible for benefits under the Hazelwood Act.
(Sec. 3, Art. 2654b-1, V.C.S.)

Yours very truly,

WAGGONER CARR
Attorney General

By: Dean Arrington
Dean Arrington
Assistant

DA:bk

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Bob Flowers
Paul Phy
Wayne Rodgers

APPROVED FOR THE ATTORNEY GENERAL
By: Roger Tyler